# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| Plaintiff, ) | Case No. 2:13-cr-00231-JCM-CWH |
| vs. ) | **ORDER** |
| ALDO CHAPA-NOVOA, et al., ) | |
| Defendants. ) | |

This matter is before the Court on Defendant Aldo Chap-Novoa's Motion to Sever (#24), filed July 26, 2013, and the Government's Response (#29), filed August 6, 2013.

## BACKGROUND

On June 19, 2013, Defendant Chapa-Novoa and Defendant Francisco Alejandro-Vargas were charged in a two-count Indictment with conspiracy to distribute 500 or more grams of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 21 U.S.C. § 846. Defendants were also charged with one count of distribution of 500 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A). *See* Indictment (#13). By way of this motion, Defendant Chapa-Novoa requests that the Court sever his case from that of his co-defendant. He argues that severance is appropriate because the jury will be unable to compartmentalize the evidence as to each defendant, leading to the prospect that he would be found guilty based merely on his association with his co-defendant.

## DISCUSSION

Federal Rule of Criminal Procedure 8 allows the joinder of defendants "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b). Rule 8 is construed broadly in favor of initial joinder. *E.g. United States v. Vasquez-Velasco*, 15 F.3d 833, 844 (9th Cir. 1994) (citations

omitted). "Generally, defendants who are indicted together in federal court should be jointly tried." *United States v. Tootick*, 952 F.2d 1078, 1080 (9th Cir. 1991) (citation omitted). "Joinder is favored in federal criminal cases largely for reasons of judicial economy and efficiency, despite some degree of bias inherent in joint trials." *Id*. (citations omitted). "[A] joint trial is particularly appropriate where the co-defendants are charged with conspiracy, because the concern for judicial efficiency is less likely to be outweighed by possible prejudice to the defendants when much of the same evidence would be admissible against each of them in separate trials." *United States v. Fernandez*, 388 F.3d 1199, 1242 (9th Cir. 2004). Further, "[j]oinder of charges against multiple defendants is particularly appropriate when the charges involve substantially overlapping evidence." *United States v. Golb*, 69 F.3d 1417, 1425 (9th Cir. 1995) (citations omitted).

Rule 14 provides relief from prejudicial joinder of defendants under Rule 8(b) through severance. Fed. R. Crim. P. 14(a). To warrant severance, a defendant must demonstrate that "a joint trial is so manifestly prejudicial that the trial judge is required to exercise his or her discretion in only one way - by severing the trial." *E.g. United States v. Castro*, 887 F.2d 988, 996 (9th Cir. 1989) (citation omitted). "The test is whether joinder is so manifestly prejudicial that it outweighs the dominant concern with judicial economy and compels the exercise of the court's discretion to sever." *United States v. Kenny*, 645 F.2d 1323, 1345 (9th Cir. 1981) (citing *United States v. Brashier*, 548 F.2d 1315, 1323 (9th Cir. 1976)). "A defendant must show clear, manifest or undue prejudice and violation of a substantive right resulting from the failure to sever." *Castro*, 887 F.2d at 997 (citation omitted).

Decisions regarding severance are reviewed for abuse of discretion. *See United States v. Escalante*, 637 F.2d 1197, 1201 (9th Cir. 1980) *cert. denied by Escalante v. United States*, 446 U.S. 856 (1980). Generally speaking, a defendant seeking reversal of a denial of severance has the burden to "show violation of one of his substantive rights by reason of the joint trial: unavailability of full cross-examination, lack of opportunity to present an individual defense, denial of Sixth Amendment confrontation rights, lack of separate counsel among defendants with conflicting interests, or failure properly to instruct the jury on the admissibility of evidence as to each defendant." *Escalante*, 637 F.2d 1197, 1201 (9th Cir. 1980). It is not sufficient to show a separate

trial would give a defendant a better chance at acquittal, "the prejudice must have been of such magnitude that the defendant [is] denied a fair trial." *Id*. (citation omitted). "This is not an easy burden to meet." *Id*.

Defendant Chapa-Novoa seeks severance under Fed. R. Crim. P. 14 claiming that the jury will be unable to compartmentalize the evidence as to each defendant, leading to the prospect of "guilt by association." The Court has not been afforded the opportunity to review all of the evidence and expresses no view as to its relative weight vis-a-vis the defendants. It does note that, as briefed here, there is nothing indicating Defendant will be unable to cross examine a co-defendant or confront other witnesses, present an individual defense, or obtain a proper jury instruction on the admissibility of evidence as to each defendant. There is nothing to suggest that the jury would be unable to compartmentalize the evidence. Defendant does note that the association between the defendants is more than a limited or implicit association, but these interrelationships, as presented, indicate that the evidence is overlapping, which is a valid justification for joinder. *See Golb*, 69 F.3d at 1425 ("Joinder of charges against multiple defendants is particularly appropriate when the charges involve substantially overlapping evidence.").

In addressing a claim of prejudicial joinder, "[t]he mere fact that there may be more incriminating evidence against one codefendant than another does not provide a sufficient justification for separate trials." *United States v. Matta-Ballasteros*, 71 F.3d 754, 754 (9th Cir. 1995) (quoting *United States v. Polizzi*, 801 F.2d 1543, 1554 (9th Cir. 1986)). Rather, the focus is on "whether the jury can reasonably be expected to compartmentalize the evidence as it relates to separate defendants in the light of its volume and limited admissibility." *See e.g. United States v. Ramirez*, 710 F.2d 535, 546 (9th Cir. 1983) (citations omitted). "The prejudicial effect of evidence relating to the guilt of codefendants is generally held to be neutralized by careful instruction of the trial judge." *United States v. Hernandez*, 952 F.2d 1110, 1116 (9th Cir. 1991) (quoting *Escalante*, 637 F.2d at 1201). "A defendant seeking severance based on the 'spillover' effect of evidence admitted against a co-defendant must also demonstrate the insufficiency of limiting instructions given by the judge." *United States v. Hanley*, 190 F.3d 1017, 1027 (9th Cir. 1999), *superceded on*

*other grounds by regulation*, (internal citations and quotations omitted).

      Defendant Chapa-Novoa has not met his burden to show severance is warranted.  There is nothing in the record to suggest that a carefully crafted, limiting instruction cannot cure any potential prejudice.  It is incumbent upon the party seeking severance to demonstrate the insufficiency of limiting instructions.  The charges and underlying facts are not particularly complex.  Although there may be some spill-over evidence, any potential prejudice can be overcome by a jury instruction explaining the charges and informing the jury to segregate the evidence and limiting the applicability of the evidence to the appropriate defendant.  Ultimately, the danger of "guilt by association[] is always inherent in joint trials and is not, on its own, grounds for severance."  *United States v. Hubbard*, 26 F.3d 134 (9th Cir. 1994) (citation omitted).

      Based on the foregoing and good cause appearing therefore,

      **IT IS HEREBY ORDERED** that Defendant Aldo Chap-Novoa's Motion to Sever (#24) is **denied**.

      DATED: August 27, 2013.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**