UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,         )<br>                                                      )<br>            Plaintiff,                     )<br>                                                      )<br>vs.                                                )<br>                                                      )<br>ALDO CHAPA-NOVOA, et al.,       )<br>                                                      )<br>            Defendants.                )<br>_____ ) | Case No.  2:13-cr-00231-JCM-CWH<br><br>**REPORT & RECOMMENDATION** |

This matter was referred to the undersigned Magistrate Judge on Defendant Aldo Chapa-Novoa's Motion to Suppress  (#25), filed on July 26, 2013, and the Government's Response (#28), filed August 5, 2013.  The undersigned has considered the parties' briefing and issues the following report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule ("LR") IB 1-4.

**BACKGROUND**

On June 19, 2013, Defendant Chapa-Novoa and Defendant Francisco Alejandro-Vargas were charged in a two-count Indictment with conspiracy to distribute 500 or more grams of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 21 U.S.C. § 846.  Defendants were also charged with one count of distribution of 500 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A).  *See* Indictment (#13).

On May 30, 2013, law enforcement personnel submitted an application to obtain a search warrant for the premises located at 2205 Kirk Avenue in Las Vegas, Nevada (hereinafter, "premises").  The application was reviewed and approved by a United States Magistrate Judge.  As a result of the search, allegedly incriminating evidence was seized from the premises.  Defendant Chapa-Novoa seeks to suppress the evidence arguing the search warrant was not supported by

probable cause because it contains "extremely weak information to support probable cause to believe" that he resided, lived, or in any way exercised dominion or control over the residence. He further alleges that the affidavit "does not establish [his] involvement in ongoing drug trafficking" at the premises, and that the police did not corroborate information provided by a confidential informant. Ultimately, he argues that there is nothing in the affidavit that establish a nexus between him and the premises searched. His motion concludes that the "sanctity of the home" merits "special protection" and that the warrant authorizing the search does not withstand the requisite scrutiny.

In response, the Government argues that the motion should be denied because Defendant Chapa-Novoa does not have standing to challenge the search as he "has demonstrated neither a possessory interest nor reasonable expectation of privacy in the location searched." The Government concedes that the affidavit "contains no information to establish the [premises] searched was the residence of the defendant." That is true, according to the Government, because the premises is the residence of Defendant Chapa-Novoa's co-defendant in this matter. In that sense, the Government agrees with Defendant Chapa-Novoa that he has no possessory interest in the residence and, therefore, does not have standing to contest the search.

## DISCUSSION

Defendant has not met his burden to demonstrate that he has standing to challenge the search of the premises. The Fourth Amendment secures "the right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures." U.S. Const. Amend. IV. It is axiomatic that an individual seeking to exclude evidence allegedly obtained in violation of the Fourth Amendment must have standing to challenge the illegal conduct that led to the discovery of the evidence. *United States v. Pulliam*, 405 F.3d 782, 785-786 (9th Cir. 2005) (*citing Rakas v. Illinois*, 439 U.S. 128, 134 (1978)) (finding defendant did not have standing to challenge the search of a car in which he was a passenger and seizure of the gun found in the car did not violate his Fourth Amendment rights). The proponent of a motion to suppress has the burden of establishing that his Fourth Amendment rights were violated by the challenged search or seizure. *United States v. Caymen*, 404 F.3d 1196, 1199 (9th Cir. 2005) (citation omitted) (finding

defendant failed to show he had reasonable expectation of privacy in laptop seized by police).

"To invoke the protections of the Fourth Amendment, a person must show he had a 'legitimate expectation of privacy.'" *United States v. Nerber*, 222 F.3d 597, 599 (9th Cir. 2000); *see also Minnesota v. Olson*, 495 U.S. 91, 95 (1990) (holding that the "capacity to claim the protection of the Fourth Amendment depends . . . upon whether the person who claims the protection of the Amendment has a legitimate expectation of privacy in the invaded place.") (*citing Katz v. United States*, 389 U.S. 347 (1967)).  To establish a legitimate expectation of privacy a person must show (1) a subjective expectation of privacy (2) that society is prepared to recognize as objectively reasonable. *Nerber*, 222 F.3d at 599 (*quoting Smith v. Maryland*, 442 U.S. 735 (1979). The defendant bears the burden of establishing, under the totality of the circumstances, that "the search or seizure violated his legitimate expectation of privacy in a particular place." *United States v. Davis*, 932 F.2d 752, 756 (9th Cir. 1991) (citation omitted).  "A person who is aggrieved by an illegal search and seizure only through the introduction of damaging evidence secured by a search of a third person's premises or property has not had any of his Fourth Amendment rights infringed." *Rakas*, 439 U.S. at 134.

It is the undersigned's view that the moving papers do not present contested issues of material fact and, therefore, an evidentiary hearing on the motion is not necessary.[1] The primary argument made by the Government is that Defendant Chapa-Novoa does not have standing challenge the search warrant. The Court agrees. Defendant states in his moving papers that there is insufficient evidence to connect him to the premises:

> Here, the complainant provides extremely weak information to support probable cause to believe that Mr. Chapa-Novoa resided at 2205 Kirk Avenue. No source describes Mr. Chap-Novoa as living there or being with Mr. Vargas inside the house. CS states that Mr. Chapa-Novoa lives in Laughlin but works in Las Vegas during the week.
>
> No specific surveillance establishes his presence at this address for any more than the time

---

[1] The Ninth Circuit has held that an evidentiary hearing on a motion to suppress need only be held if the moving papers allege facts with sufficient definiteness, clarity, and specificity to enable the court to conclude that contested issues of material fact exist. *E.g. United States v. Howell*, 231 F.3d 615, 620 (9th Cir. 2000) (citations omitted). The determination of whether an evidentiary hearing is appropriate rests in the reasoned discretion of the district court. *United States v. Santora*, 600 F.2d 1317, 1320 (9th Cir.), *amended by* 609 F.2d 433 (1979).

3

>briefly after the buy by an undercover officer. The declaration fails to establish Mr. Chapa-Novoa's dominion and control over this residence by even the most routine law enforcement techniques; asking source where defendant lives, calling up the landlord or talking to the postman, securing utility records for the house, getting defendant's phone records, etc. Therefore, there is insufficient cause in the declaration to believe Mr. Chapa-Novoa lived at 2205 Kirk Avenue.

*Defendant's Motion to Suppress* (#25), p. 4:15-27.

Defendant Chapa-Novoa is conflating his argument that the evidence seized at the premises should not be attributed to him[2] with his belief that he had a legitimate expectation of privacy in a home that he does not own, does not reside in, and was not an overnight guest in. *See e.g. Olson*, 495 U.S. at 96-97 (an overnight guest has a legitimate expectation of privacy in the host's home that the Fourth Amendment protects). He offers no argument or information that he has a legitimate expectation of privacy to challenge this particular search. Indeed, his argument centers on the premise that he has no connection to the house, which simply underscores the finding that he has failed to satisfy his burden to show he has a subjective expectation of privacy that society is prepared to recognize as objectively reasonable at the searched premises. *Caymen*, at 1199. Having determined that Defendant Chapa-Novoa has not demonstrated a connection to the invaded place sufficient to invoke the Fourth Amendment, the court need proceed no further. *Davis*, 932 F.2d at 757; *see also Minnesota v. Carter*, 525 U.S. 83, 91 (1988) ("Because we conclude that respondents had no legitimate expectation of privacy [in the place searched], we need not decide whether the police officer's observation constituted a search.).

Nevertheless, even assuming standing, Defendant Chapa-Novoa has not established he is entitled to a hearing to challenge the sufficiency of the search warrant affidavit. In *Franks v. Delaware*, the Supreme Court established a two-prong test for challenging the sufficiency of a search warrant affidavit. 438 U.S 154. There is a "presumption of validity with respect to the affidavit supporting the search warrant." *Id.* at 171. A defendant is entitled to an evidentiary hearing on the validity of the affidavit underlying a search warrant if he can make a substantial preliminary showing that (1) the affidavit contains intentionally or recklessly false statements or

---

[2] "There is an absence of sufficient information establishing a nexus between Mr. Chapa-Novoa and the residence, and the residence and drug trafficking." *Defendant's Motion*, 6:7-8.

4

misleading omissions and (2) the affidavit cannot support a finding of probable cause without the allegedly false information. *Id*. at 155-56. "To justify a hearing, a defendant must make specific allegations, allege a deliberate falsehood or reckless disregard for the truth, and accompany such a claim with a detailed offer of proof." *United States v. Craighead*, 539 F.3d 1073, 1080 (9th Cir. 2008) (citation omitted). "[T]he defendant must demonstrate that a 'significant, disputed factual issue' exists such that a hearing is required." *United States v. Martin*, 2010 WL 5575323 *7 (D. Nev.) (*citing United States v. Harris*, 914 F.2d 927, 933 (7th Cir. 1990)).

Even if a defendant makes the preliminary showing, that is not enough, standing alone, to entitle a defendant to a *Franks* hearing. A defendant must also show that the affidavit would not be sufficient to support a finding of probable cause even if it was purged of its falsities and supplemented by the omissions. *See United States v. Stanert*, 762 F.2d 775, 782 (9th Cir. 1985) (citing *Franks*, 438 U.S. at 171-72). "The effect of misrepresentations and omissions on the existence of probable cause is considered cumulatively." *Stanert*, 762 F.2d at 782 (citation omitted). Thus, the judge reviewing a request for a *Franks* hearing must determine whether the affidavit, once corrected, would provide a magistrate with the basis necessary to conclude that probable cause exists. *Id*.

Probable cause determinations are made by viewing the "totality of the circumstances" set forth in the affidavit. *See Illinois v. Gates*, 426 U.S. 213 (1983). Probable cause is a fluid concept not easily reduced to a set of legal rules. *Id*. Consequently, the task of a magistrate judge is "simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit . . . including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Id*. at 238. A magistrate judge's determination of probable cause is accorded significant deference, *United States v. Gil*, 58 F.3d 1414, 1418 (9th Cir. 1995), and there is a "presumption of validity with respect to the affidavit supporting the search warrant." *Franks*, 438 U.S. at 171.

Defendant Chapa-Novoa has not made a substantial preliminary showing that the affidavit contains intentionally or recklessly false statements or misleading omissions. The basis of the

motion is that the affidavit does not contain sufficient information to demonstrate Chapa-Novoa resided at the searched premises. The affidavit (attached as Ex. 1 to Govt's Resp. (#28), however, alleges that according to Clark County records co-Defendant Francisco Vargas is the owner of the home. It also alleges that the premises is Vargas' residence. It also states that Defendant Chapa-Novoa lives in Laughlin. These statements make clear that Chapa-Novoa did not reside at the premises and was not the owner of the premises. There is nothing misleading about the owner or inhabitants of the premises. Given the failure to identify any misleading or inclusion of false or reckless statements in the affidavit, there is no basis to question the "presumption of validity with respect to the affidavit supporting the search warrant." *Franks*, 438 U.S. at 171.

Based on the foregoing and good cause appearing therefore,

## RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that Defendant Aldo Chapa-Novoa's Motion to Suppress (#25) be **denied**.

## NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED: August 29, 2013.

_____
C.W. Hoffman, Jr.
United States Magistrate Judge