1
2
3
4

**UNITED STATES DISTRICT COURT**

5

**DISTRICT OF NEVADA**

6

7    UNITED STATES OF AMERICA,              )
                                            )
8                      Plaintiff,           )       Case No.  2:13-cr-00231-JCM-CWH
                                            )
9    vs.                                    )       **ORDER**
                                            )
10   ALDO CHAPA-NOVOA, et al.,              )
                                            )
11                     Defendants.          )
     ───────────────────────────────────── )

12
13          This matter is before the Court on Defendant Aldo Chapa-Novoa's Motion to Compel the

14   Identity of the Informant (#36), filed on October 10, 2013.  The Court also considered the

     Government's Response (#39), filed on October 23, 2013.
15

**BACKGROUND**
16

17          On June 19, 2013, Defendant Aldo Chapa-Novoa ("Defendant") was charged with one

18   count of conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1),

19   (b)(1)(A) and 21 U.S.C. § 846 and one count of distribution of methamphetamine in violation of 21

20   U.S.C. §§ 841(a)(1) and (b)(1)(A).  *See* Indictment (#13).  By way of this motion, Defendant

21   requests that the Court compel the Government to disclose the identity of the confidential

     informant.  Defendant contends that the confidential informant actively participated in and was a
22
     percipient witness to the acts underlying the prosecution.  Given that nature of involvement,
23
     Defendant argues that it is vital to his defense to know the identity of the confidential informant,
24
     prepare a cross-examination, and possibly call him as a defense witness.  In response, the
25
     Government alleges that an assertion about the confidential informant's level of involvement is
26
     insufficient to overcome the privilege of protecting the informant's identity.  Further, the
27
     Government contends that disclosure of the confidential informant's identity is not required when
28
     he is not the only percipient witness, the testimony would be cumulative, and reference to the

1    informant could be avoided during the Government's presentation of its case.

2    **DISCUSSION**

3         The government has a limited privilege to withhold from disclosure a confidential

4    informant's identity.  *See Roviaro v. United States*, 353 U.S. 53, 59–61 (1957).  This privilege

5    serves important law enforcement objectives like encouraging citizens to supply the government

6    with information concerning crimes.  *See id.; see also McCray v. Illinois*, 386 U.S. 300, 308–09

7    (1967).  "To obtain disclosure, a defendant must show a need for the information, and in doing so,

8    must show a more than 'mere suspicion' that the informant has information which will prove

9    'relevant and helpful' to his defense, or that will be essential to a fair trial."  *United States v.*

10   *Henderson*, 241 F.3d 638, 645 (9th 2001).  The court must balance the extent to which disclosure

11   would be relevant and helpful to defendant's case with the government's interest in protecting the

12   identity of a particular informant.  In doing so the court must consider "the public interest in

13   protecting the flow of information against the individual's right to prepare his defense."  *Roviaro*,

14   353 U.S. at 62.  For example, the Ninth Circuit has stated, "It is well-settled, however, that 'a trial

15   court need not require federal agents to disclose the identity of a reliable informant where the sole

16   ground for seeking that information is to establish the existence of probable cause for arrest.'"

17   *United States v. Mehciz*, 437 F.2d 145, 149 (9th Cir. 1971).

18        Ninth Circuit precedent demonstrates that an *in camera* hearing is required when the

19   defendant makes a "'minimal threshold showing' that disclosure would be relevant to at least one

20   defense."  *United States v. Spires*, 3 F.3d 1234, 1238 (9th Cir.1993) (citing *United States v. Sai*

21   *Keung Wong*, 886 F.2d 252, 256 (9th Cir.1989)).  The Ninth Circuit has made the use of *in camera*

22   hearings mandatory and recognized their advantages in that they pose "little risk of disclosing the

23   identity of the informant" thereby jeopardizing the government's further use of that individual and

24   may provide many of the same benefits as disclosure itself, especially when defense counsel may

25   participate under an order not to reveal any information disclosed during the hearing.  *Spires*, 3

26   F.3d at 1238.  Consequently, there is ordinarily no governmental interest to balance against the

27   defendant's interest in deciding whether to hold an *in camera* hearing.  The relevant inquiry is

28   whether the defendant has made the necessary showing.

1 Here, Defendant contends that disclosure is relevant to develop his theory regarding the

2 limited relationship that existed between himself and the confidential informant.  Further,

3 Defendant generally asserts that disclosure is relevant to the May 9, 2013 transaction for

4 methamphetamine where the confidential informant was present and that constitutes the underlying

5 act for which Defendant was indicted.  The Court notes that Defendant does not seek the

6 confidential informant's identity to challenge the probable cause determination of the search

7 warrant.[1]  However, Defendant does not clearly articulate the defense to which disclosure is

8 relevant.[2]  Indeed, the Court agrees with the Government that the mere fact that the confidential

9 informant was a witness to the May 9, 2013 is insufficient to justify disclosure of his identity.

10 Nevertheless, the Court will give Defendant the benefit of the doubt that the disclosure is relevant

11 to the defense Defendant was not actively involved in a conspiracy to or distribution of

12 methamphetamine.  Defendant argues that the informant's knowledge is limited to observing

13 Defendant watch the May 9, 2013 transaction and some telephone calls.  As such, Defendant

14 asserts that the confidential informant played a pivotal role in the transaction and may have

15 knowledge of Defendant's lack of ongoing participation in a conspiracy to distribute

16 methamphetamine.  Accordingly, the Court finds that Defendant has barely made the required

17 threshold showing for an *in camera* hearing regarding the identity of the informant, the substance

18 of the information that the informant provided, and whether the informant is relevant and helpful to

19 Defendant's defense or essential to a fair trial.  The Court will defer ruling on the Motion to

20 Compel the Identity of the Informant (#36) until after the *in camera* is conducted.

21 Based on the foregoing and good cause appearing therefore,

22

23 [1] Defendant filed a Motion to Suppress (#25) on July 26, 2013 challenging the search warrant for

24 lack of probable cause.  On August 29, 2013, the Undersigned issued a Report and Recommendation (#32) finding that Defendant does not have standing to challenge the search warrant.  Defendant did not

25 argue that the identity of the confidential informant should be disclosed in connection with the probable cause challenge in the Motion to Suppress (#25).

26

27 [2] Notably, Defendant does not indicate that he is asserting an entrapment defense.  However, a

28 defendant is not automatically entitled to discovery of confidential informant simply by asserting an entrapment defense.  *See United States v. Valmer*, 245 Fed.Appx. 720, 723 (9th Cir. 2007).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

      **IT IS HEREBY ORDERED** that Government counsel shall meet and confer with the confidential informant and contact Chambers within seven (7) days of this order to schedule a time for an *in camera* hearing.

      **IT IS FURTHER ORDERED** that the Court will defer ruling on Defendant Aldo Chap-Novoa's Motion to Compel the Identity of the Informant (#36) until after the *in camera* hearing.

      DATED this 7th day of November, 2013.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**

4